## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GEICO INDEMNITY COMPANY,          ) | |
| )                                  | |
|     Plaintiff,          ) | |
| )                                  | |
| vs.                               ) | Civil Action No.: 3:15-cv-1284 |
| )                                  | |
| NATHAN DODD,                      ) | |
|   Serve at:  700 Franklin Ave          ) | JURY TRIAL DEMANDED |
|           West Frankfort, IL 62896  ) | |
| )                                  | |
| and                               ) | |
| )                                  | |
| CVS PARMACY, INC.                 ) | |
|   Serve at:  208 So. LaSalle St., Ste. 814   ) | |
|           Chicago, Illinois 60604     ) | |
| )                                  | |
| and                               ) | |
| )                                  | |
| ANGELA STEVENS,                   ) | |
|   Serve at:  709 N. Madison Street      ) | |
|           West Frankfort, Illinois 62896   ) | |
| )                                  | |
| and                               ) | |
| )                                  | |
| MARY STEVENS                      ) | |
|   Serve at:  1205 E. Poplar St.         ) | |
|           West Frankfort, Illinois 62896   ) | |
| )                                  | |
| and                               ) | |
| )                                  | |
| C. T., a Minor,                   ) | |
| By Angela Stevens, her Mother and   ) | |
| Next Friend                       ) | |
|   Serve at:  709 N. Madison Street      ) | |
|           West Frankfort, Illinois 62896   ) | |
| )                                  | |
|     Defendants.          ) | |

1

**GEICO INDEMNITY COMPANY'S COMPLAINT FOR DECLARATORY JUDGMENT**

COMES NOW GEICO Indemnity Company ("GEICO"), pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201, and for its Complaint for Declaratory Judgment, states as follows:

### I.   PARTIES, JURISDICTION, AND VENUE

1. GEICO is a foreign corporation organized and existing under the laws of the State of Maryland, with its principal place of business in Washington, D.C., and authorized to do business in the State of Illinois. Accordingly, GEICO is a citizen of Maryland and Washington, D.C.

2. Defendant Nathan Dodd is domiciled in Illinois and is therefore a citizen of Illinois.

3. Defendants Angela Stevens, Mary Stevens, and C. T. are domiciled in Illinois, and are therefore citizens of Illinois.

4. Defendant Angela Stevens is the Next Friend of minor C.T. in the underlying state court action in Franklin County, Illinois. A true and correct copy of the complaint is attached hereto as <u>Exhibit A.</u>

5. Defendant CVS Pharmacy, Inc., is a foreign corporation organized and existing under the laws of Rhode Island, with its principal place of business in Rhode Island, and authorized to do business in the State of Illinois. Defendant CVS Pharmacy, Inc. is therefore a citizen of Rhode Island.

6. Defendants Nathan Dodd and CVS Pharmacy, Inc. are defendants in an action brought by Angela Stevens, Mary Stevens, and C. T. currently pending in the Circuit Court of Franklin County, Illinois, attached hereto as <u>Exhibit A.</u>

7. This Court has original subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1332 because complete diversity of citizenship exists between GEICO and Defendants and the amount in controversy exceeds $75,000.00, exclusive of interests and costs, as the Defendant Nathan Dodd's policy limits with GEICO are $40,000.00 per occurrence and GEICO anticipates incurring significant defense costs if forced to defendant this suit as the complaint which gave rise to this coverage dispute, was one for serious personal injuries involving multiple parties.

8. This Court has personal jurisdiction over Defendants because GEICO seeks a declaration of the parties' rights and obligations under an insurance contract purchased in Illinois and delivered in Illinois. Further, the accident giving rise to this coverage dispute occurred in Illinois and Defendants are parties to the action filed in the Circuit Court of Franklin County, Illinois.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a)(2), because a substantial part of the events or omissions giving rise to the claim occurred within this judicial district.

## II.   GENERAL ALLEGATIONS

10. GEICO files this action seeking the interpretation of an insurance policy described below and a declaration of its rights and obligations thereunder with respect to a lawsuit brought by Angela Stevens, Mary Stevens, and C. T. against Nathan Dodd.

11. Nathan Dodd is the named insured on a policy of insurance, No. 4319-00-63-36, with effective dates of February 24, 2014 through August 24, 2014, a true an accurate copy of this policy is hereto attached as <u>Exhibit B</u> and incorporated by reference herein.

12. Defendant CVS Pharmacy, Inc., employed Defendant Nathan Dodd. Mr. Dodd's responsibilities with CVS included delivering prescriptions using his personal vehicle.

3

13. Nathan Dodd is covered under CVS Pharmacy's policy of insurance, No. CA 706-27-98, with effective dates if January 1, 2014 to January 1, 2015, a true an accurate copy of this policy is hereto attached as <u>Exhibit C</u> and incorporated by reference herein.

### III.   THE UNDERLYING ACTION

14. On or about December 15, 2014, Angela Stevens, Mary Stevens, and C. T. filed a complaint, Case No. 14-L-98, in the Circuit Court of Franklin County, Illinois. A true an accurate copy of this complaint is hereto attached as <u>Exhibit A</u> and incorporated by reference herein.

15. On or about May 29, 2015, Angela Stevens, Mary Stevens, and C. T. filed their First Amended Complaint, including CVS Pharmacy as a Defendant. A true an accurate copy of this complaint is hereto attached as <u>Exhibit D</u> and incorporated by reference herein.

16. In this action, Angela Stevens, Mary Stevens, and C. T. allege that, while in the course and scope of his employment for CVS Pharmacy, Nathan Dodd negligently operated his motor vehicle, thereby causing an automobile accident to occur between his vehicle and a vehicle driven by Angela Stevens, in which Mary Stevens and C. T. were passengers.

17. Angela Stevens, Mary Stevens, and C. T. allege they suffered personal injuries as a result of the accident.

### IV.   THE INSURANCE POLICY

18. GEICO issued a policy of insurance to Nathan Dodd, No. 4319-00-63-36, with effective dates of February 24, 2014 through August 24, 2014. A certified copy of the GEICO policy is attached hereto as <u>Exhibit B.</u>

19. The vehicle listed in the declarations of that policy is a 2005 Nissan Sentra, which was owned by Mr. Dodd and was the vehicle Mr. Dodd was driving at the time of the accident.

20. The policy has bodily injury liability limits of $20,000.00 per person and $40,000.00 per occurrence.

21. The policy contains the relevant provisions:

### SECTION I- LIABILITY COVERAGES
### Your Protection Against Claims from Others
### Bodily Injury Liability and Property Damage Liability

**DEFINITIONS**
The words italicized in Section I of this policy are defined below.

\*\*\*

2. Bodily injury means bodily injury to a person, including resulting sickness, disease, or death.

\*\*\*

4. Insured means a person or organization described under PERSONS INSURED.

\*\*\*

6. Owned auto means:
   a. A vehicle described in this policy for which a premium charge is shown for these coverages;

\*\*\*

13. You and yours mean the policyholder named in the declarations or his or her spouse if a resident of the same household.

\*\*\*

**LOSSES WE WILL PAY FOR YOU UNDER SECTION I**
Under Section I, we will pay damages which an insured becomes legally obligated to pay because of:
   1. Bodily injury, sustained by a person, or
   2. Damage to or destruction of property

arising out of the ownership, maintenance, or use of the owned auto or non-owned auto. We will defend any suit for damages payable under the terms of this policy. We will investigate and settle any claim or suit.

**ADDITIONAL PAYMENTS WE WILL MAKE UNDER THE LIABILITY COVERAGES**
1. All investigative and legal costs incurred by us;
2. All court costs charged to an insured in a covered lawsuit.

\*\*\*

**EXCLUSIONS**
**When Section I Does Not Apply**
Section I does not apply to any claim or suit for damage if one or more of the exclusions listed below applies.

\*\*\*

2.   To any vehicle used to carry persons or property for compensation or a fee, including but not limited to the delivery of food or any other products except where **bodily injury** or property damage results from **your** occupancy of such a non-owned vehicle as other than the operator. A vehicle used in an ordinary car pool on a ride sharing or cost sharing basis is covered.

\*\*\*

**PERSONS INSURED**
Who Is Covered
Section I applies to the following as **insured** with regard to an owned auto:
1. You and your relatives;
2. Any other person using the auto with your permission. The actual use must be within the scope of that permission.

\*\*\*

## V.   GROUNDS FOR DECLARATORY RELIEF

22. GEICO seeks a judicial determination that it does not owe Nathan Dodd a duty to defend him in the above-referenced lawsuit and thereby it does not owe Nathan Dodd a duty to indemnify for damages arising from the above-referenced lawsuit.

23. Nathan Dodd has submitted a claim to GEICO, No. 0482034300101017, under his GEICO policy for coverage for the aforementioned automobile accident.

24. The GEICO policy does not afford coverage to Nathan Dodd for any liability he has incurred or will incur because any coverage is barred by the delivery exclusion set forth above in the GEICO policy.

25. On the other hand, the policy issued to CVS, mentioned above and referenced herein as Exhibit C does provide Mr. Dodd coverage for the claims made against him and therefore CVS owes Mr. Dodd a duty to defend him and indemnify him for any judgment that may be rendered against him.

26. Accordingly, an actual justiciable controversy exists between GEICO and its insured, Mr. Dodd, and CVS as to whether the claims against Nathan Dodd are covered under the GEICO policy, CVS' policy and the resolution of the matters raised in this declaratory judgment action will terminate the controversy giving rise to these proceedings.

27. All necessary and proper parties are before the Court for the matters in controversy.

28. GEICO has no adequate remedy at law.

29. Under the GEICO policy, coverage is excluded for any claim or suit for damage to any vehicle used to carry persons or property for compensation or a fee.

30. Nathan Dodd is an employee of CVS, whose duties include delivering prescriptions to CVS customers.

31. At the time of the accident, CVS was paying Mr. Dodd $0.45 per mile for deliveries. This amount is in addition to Mr. Dodd's hourly rate.

32. When the accident in the underlying case occurred, Mr. Dodd was delivering prescriptions for CVS.

33. Therefore, coverage does not apply to the vehicle Mr. Dodd was driving at the time of the accident because it was being used to carry property for compensation or a fee when the accident occurred.

34. Accordingly, the delivery exclusion applies and Mr. Dodd's policy does not provide coverage.

35. Nathan Dodd is covered under CVS Pharmacy's policy of insurance, No. CA 706-27-98, with effective dates if January 1, 2014 to January 1, 2015, for the allegations in the underlying complaint pursuant to Illinois law and the language of the policy.

WHEREFORE, Plaintiff GEICO Indemnity Company requests the Court enter judgment in its favor and against Defendants, and declare as follows:

A. That the insurance policies issued by GEICO to Nathan Dodd do not provide any coverage whatsoever for any of the claims asserted in the underlying lawsuit against Mr. Dodd;

B. That GEICO has no duty to defend, and therefore no duty to indemnify, Nathan Dodd, or to reimburse him for defense costs, for any portion of the defense, settlement, and/or judgment in the underlying lawsuit or any future settlement or judgment that may be entered against Nathan Dodd in the underlying lawsuit or any other action arising out of the alleged events giving rise to the underlying lawsuit;

C. That CVS has a duty to defend, and indemnify, Nathan Dodd, and to reimburse him/GEICO for defense costs, for any portion of the defense, settlement, and/or judgment in the underlying lawsuit or any future settlement or judgment that may be entered against Nathan Dodd in the underlying lawsuit or any other action arising out of the alleged events giving rise to the underlying lawsuit;

D. That GEICO is entitled to any further relief this Court deems just and proper.

Respectfully submitted,

BROWN & JAMES, P.C.

/s/ Russell F. Watters
Russell F. Watters, #2951274IL
Jackie M. Kinder, #6281930IL
BROWN & JAMES, P.C.
800 Market Street, Suite 1100
St. Louis, MO 63101-2501
(314) 421-3400
(314) 421-3128 (fax)
rwatters@bjpc.com
jkinder@bjpc.com
*Attorneys for Plaintiff*

12157830