IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GEICO INDEMNITY COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:15-CV-01284-NJR-RJD |
| | ) |
| NATHAN DODD, CVS PHARMACY, INC., ANGELA STEVENS, MARY STEVENS, and C.T., a Minor, by Angela Stevens, her Mother and Next Friend, | ) ) ) ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This insurance coverage dispute stems from an automobile collision involving Nathan Dodd ("Dodd") that occurred on August 1, 2014, while Dodd was delivering prescription drugs to customers of CVS Pharmacy, Inc. ("CVS") in his personal vehicle. Angela Stevens, Mary Stevens, and C.T., a minor, filed suit against Dodd for injuries allegedly sustained as a result of the accident. At the time of the accident, Dodd was insured through a policy issued by GEICO Indemnity Company ("GEICO") with bodily injury liability limits of $20,000 per person/$40,000 per accident. GEICO filed this lawsuit seeking a declaration that the policy issued to Dodd does not provide any coverage for the claims asserted in the underlying lawsuit, that it does not owe a duty to defend or indemnify Dodd in the underlying lawsuit, and that CVS has a duty to defend and indemnify Dodd and reimburse him/GEICO for defense costs.

The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C.

§1332. According to the complaint, Geico is a Maryland corporation with its principal place of business in Washington, D.C.; Defendants Nathan Dodd, Angela Stevens, Mary Stevens, and C.T. are citizens of Illinois; and Defendant CVS is a Rhode Island corporation with its principal place of business in Rhode Island. Thus, there is complete diversity of citizenship between the parties. Likewise, the complaint alleges that the amount in controversy exceeds $75,000, exclusive of interest and costs; Defendants have not contested this amount, and it does not appear to a "legal certainty" that the claim is really for less than the jurisdictional amount. *See Anthony v. Security Pacific Fin. Servs.*, 75 F.3d 311, 315 (7th Cir. 1996).

This matter is currently before the Court on the motion for summary judgment filed by GEICO on February 10, 2016 (Docs. 22, 23). CVS filed its response on April 25, 2016 (Doc. 27),[1] and GEICO filed a reply on May 9, 2016 (Doc. 29). The Court has carefully reviewed the briefs and exhibits submitted by the parties. For the reasons explained below, the motion for summary judgment is granted.

## BACKGROUND

On August 1, 2014, Dodd was driving his 2005 Nissan Sentra when he collided with a car occupied by Angela Stevens, Mary Stevens, and C.T. At the time of the accident, Dodd was delivering prescriptions for his employer, CVS (Doc. 22-4, ¶ 7). Dodd was a part-time pharmacy technician at CVS working about twenty hours per week, spread out over five days (Doc. 27-1, p. 12). As a pharmacy technician, CVS paid Dodd approximately $9.50 per hour to deliver prescriptions, fill prescriptions, stock

---

[1] Angela Stevens, Mary Stevens, and C.T. also filed a response to GEICO's motion for summary judgment (Doc. 28), indicating they have no arguments to make beyond those made by GEICO and CVS.

medications, work the cash registers, answer and make phone calls, and handle basic customer service (Doc. 27-1, p. 9-10). At that point in time, however, Dodd spent most of his three- or four-hour shifts making prescription deliveries (*Id.*). CVS paid Dodd an additional $0.40 cents per mile while he was delivering prescriptions, which he would receive in cash at the end of his shift from one of the cash registers (Doc. 22-4, ¶ 5, Doc. 27-1, p. 23).

At the time of the accident, Dodd had an insurance policy with GEICO providing liability coverage with limits of $20,000 per person/$40,000 per accident subject to certain exclusions and provisions within the policy (Doc. 22-1, ¶¶ 12, 14). One such exclusion stated that liability coverage does not apply: "To any vehicle used to carry persons or property for compensation or a fee, including but not limited to the delivery of food or any other products . . . ." (Doc. 22-1, ¶ 15). CVS also had a policy of insurance through National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union") with a $2,000,000 limit of liability (Doc. 22-1, ¶¶ 8, 10). There is no dispute that the National Union policy would provide liability coverage to Dodd, who was acting in the course and scope of his employment with CVS, the named insured (Doc. 22-1, ¶ 9).

After the underlying lawsuit was filed against Dodd, GEICO filed this declaratory judgment action seeking a declaration that it has no duty to provide coverage or a defense to Dodd under the terms of its policy (Doc. 1). CVS filed a counterclaim for declaratory judgment seeking a declaration that GEICO has the duty to defend and indemnify Dodd (Doc. 15). CVS argued in its counterclaim, and again in its response to GEICO's motion for summary judgment, that the GEICO policy provides primary

coverage to Dodd for the underlying litigation, and any coverage provided by the CVS policy is excess to the coverage provided by GEICO (Doc. 15, Doc. 27).

## DISCUSSION

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Spurling v. C & M Fine Pack, Inc.*, 739 F.3d 1055, 1060 (7th Cir. 2014) (quoting FED. R. CIV. P. 56(a)). Once the moving party has set forth the basis for summary judgment, the burden then shifts to the nonmoving party who must go beyond mere allegations and offer specific facts showing that there is a genuine issue of fact for trial. FED. R. CIV. P. 56(e); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 232-24 (1986). The nonmoving party must offer more than "[c]onclusory allegations, unsupported by specific facts," to establish a genuine issue of material fact. *Payne v. Pauley*, 337 F.3d 767, 773 (7th Cir. 2003) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

In determining whether a genuine issue of fact exists, the Court must view the evidence and draw all reasonable inferences in favor of the party opposing the motion. *Bennington v. Caterpillar Inc.*, 275 F.3d 654, 658 (7th Cir. 2001); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A "court may not assess the credibility of witnesses, choose between competing inferences or balance the relative weight of conflicting evidence . . . ." *Reid v. Neighborhood Assistance Corp. of America*, 749 F.3d 581, 586 (7th Cir. 2014) (*quoting Abdullahi v. City of Madison*, 423 F.3d 763, 769 (7th Cir. 2005)). No issue remains for trial "unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not

sufficiently probative, summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986) (citations omitted).

Further, the construction of an insurance policy is a question of law to be decided by the court. *DeBord v. United States,* 870 F.Supp. 250, 252 (C.D. Ill. 1994); *American States Ins. Co. v. Koloms,* 687 N.E.2d 72, 75 (Ill. 1997). Therefore, the "interpretation of an insurance policy is a question of law that is an appropriate subject for disposition by way of summary judgment." *Cincinnati Ins. Co. v. W. Am. Ins. Co.*, 112 F. Supp. 2d 718, 720 (C.D. Ill. 2000) (quoting *Jupiter Aluminum Corp. v. Home Ins. Co.,* 225 F.3d 868, 873 (7th Cir. 2000)).

In diversity cases such as this one, matters of insurance policy interpretation are matters of state law. *See Nation Athletics Sportswear, Inc. v. Westfield Ins. Co.*, 528 F.3d 508, 512 (7th Cir. 2008); *Allstate Ins. Co. v. Keca*, 368 F.3d 793, 796 (7th Cir. 2004). Here, the applicable law is the law of the State of Illinois. In Illinois, insurance policies are contracts; therefore, "the general rules governing the interpretation and construction of contracts govern the interpretation and construction of insurance policies." *Clarendon Nat. Ins. Co. v. Medina*, 645 F.3d 928, 933 (7th Cir. 2011) (citing *Hobbs v. Hartford Ins. Co. of the Midwest,* 823 N.E.2d 561, 564 (Ill. 2005)). In interpreting an insurance policy, a court must "ascertain and give effect to the intention of the parties, as expressed in the policy language . . ." *Id.* In doing so, a court must "read the policy as a whole and consider the type of insurance purchased, the risks involved, and the overall purpose of the contract. *Id.* (citing *State Farm Mut. Auto. Ins. Co. v. Villicana*, 692 N.E.2d 1196, 1199 (Ill. 1998). If the policy terms are unambiguous, they must be given their plain and ordinary meaning.

*Benedict v. Fed. Kemper Life Assur. Co.*, 759 N.E.2d 23, 27 (Ill. Ct. App. 2001) "Policy terms that limit an insurer's liability are liberally construed in favor of coverage, but only when they are ambiguous, or susceptible to more than one reasonable interpretation. *Medina*, 645 F.3d at 933. Where an exclusion is unambiguous, courts should apply it as written. *Id.*

In this case, GEICO first argues that its motion for summary judgment should be granted because it is undisputed that, at the time of the accident, Dodd was delivering prescription drugs for his employer, CVS, and was being paid an hourly wage as well as a "mileage fee." Therefore, the facts fall squarely within the GEICO policy exclusion stating that liability coverage does not apply to "any vehicle used to carry persons or property for compensation or a fee." CVS disagrees, asserting that the $0.40 cents mileage fee was actually "mileage reimbursement." Furthermore, CVS argues, Dodd's hourly wage was not tied to his deliveries; he made the same amount regardless of the task he was performing while on the clock. Therefore, because Dodd did not receive any specific fee or compensation for the delivery he was making at the time of the accident, the GEICO policy exclusion does not apply, and GEICO owes Dodd a duty to defend.

The insurance policy states, in relevant part:

Section 1 does not apply to any claim or suit for damage if one or more of the exclusions listed below applies.

\* \* \*

2. To any vehicle used to carry persons or property for compensation or a fee, including but not limited to the delivery of food or any other products except where **bodily injury** or property damage results from **your** occupancy of such a non-owned vehicle as other than the operator. A

vehicle used in an ordinary car pool on a ride sharing or cost sharing basis is covered. (Doc. 22-3).

CVS cites *Progressive Max. Ins. Co. v. Matta*, an unpublished Ohio case, to support its assertion that the exclusion does not apply in this case. *See Progressive Max. Ins. Co. v. Matta*, No. 07 MA 30, 2008 WL 667958 (Ohio Ct. App. 2008). In *Matta*, the policy at issue contained an exclusion of coverage arising from a vehicle being used to carry persons or property "for compensation or a fee." *Id.* at ¶ 3. The court, however, relied on an older line of cases analyzing exclusions that only included the "for a fee" language. *See, e.g., United States Fidelity & Guar. Co. v. Lightning Rod Mut. Ins. Co.*, 687 N.E.2d 717, 718–19 (Ohio 1997) ("for a fee" exclusion was ambiguous and did not exclude coverage for an insured who delivered pizzas and was not paid per delivery). Prior to the addition of the term "compensation," courts were faced with so-called "delivery exclusions" that only excluded coverage when a vehicle was used to deliver persons or property "for a fee." Under this language, many courts held the delivery exclusion was ambiguous when the driver was paid a salary or hourly wage rather than a "fee" per delivery. *See Cincinnati Ins. Co.*, 112 F. Supp. 2d at 722–23 ("In this case, Hooten was not paid a 'fee' for delivering the mail but was paid a salary . . . . Accordingly, this court agrees . . . that the mail was not carried 'for a fee' in accordance with the expected meaning of the clause."); *see also Richards v. United States*, 1989 WL 319835, at *3–5 (N.D. Ohio 1989) ("for a fee" exclusion was unclear as to its intended meaning and did not exclude coverage for postal carrier delivering mail); *United States Fidelity & Guar. Co. v. Lightning Rod Mut. Ins. Co.*, 687 N.E.2d 717, 718–19 (Ohio 1997) ("for a fee" exclusion is ambiguous and did not exclude coverage for an insured who delivered pizzas and was not paid per delivery);

*Progressive Ins. Co. v. Heritage Ins. Co.*, 682 N.E.2d 33, 36 (Ohio Ct. App. 1996) ("for a fee" exclusion ambiguous and did not preclude coverage when employee making deliveries was paid wages by the hour and his pay did not vary with the nature of the work he performed); *Colonial Ins. Co. of Cal. v. Jermann*, 657 N.E.2d 336, 338 (Ohio Ct. App. 1995) ("for a charge" exclusion ambiguous and did not exclude coverage for pizza delivery driver who was paid an hourly wage); *Progressive Cas. Ins. Co. v. Metcalf*, 501 N.W.2d 690, 691–92 (Minn. Ct. App. 1993) ("for a fee" exclusion deemed ambiguous did not preclude coverage for pizza delivery driver who was paid an hourly wage whether making deliveries or performing other duties); *RPM Pizza, Inc. v. Automotive Cas. Ins. Co.*, 601 So.2d 1366, 1367 (La. 1992) ("for a fee" exclusion did not eliminate coverage for an employee paid by the hour and not per delivery); *Pizza Hut of Am., Inc. v. West Gen. Ins. Co.*, 816 S.W.2d 638, 641 (Ark. App. Ct. 1991) ("for a fee" exclusion ambiguous as applied to salaried pizza delivery driver); *United Serv. Auto. Ass'n v. Couch*, 643 S.W.2d 668, 672 (Tenn. Ct. App. 1982) ("for a fee" exclusion not applicable to pizza delivery driver paid an hourly wage).

Since the addition of the term "compensation" to the exclusionary language, however, courts have held that the exclusion unambiguously applies to an employee making deliveries, regardless of whether the driver is paid by the hour or per delivery. *See Progressive Paloverde Ins. Co. v. Bishop*, No. 1:11-CV-00290-TWP-DK, 2012 WL 2399607, at *3 (S.D. Ind. June 25, 2012) (the inclusion of the additional term "compensation" is "significant, as it is undisputed that Ms. Marling received 'compensation' for delivering pizzas" in addition to a fee per order); *Progressive Cas. Ins. Co. v. Chalfant*, No. 109-CV-56,

2010 WL 339090, at *4 (N.D. Ind. Jan. 22, 2010) ("the argument that a separate payment is necessary ignores the term 'compensation' in the exclusion at hand which makes it broader than the [for a fee] exclusion"); *Strader v. Progressive Ins.*, 230 S.W.3d 621, 628 (Mo. App. S.D. 2007) ("[a]n average person purchasing insurance would understand the word 'compensation' to include wages or salary"). In fact, the *Matta* opinion has since been disagreed with by a different Ohio appellate court, which found that the added verbiage "for compensation" indicates "compensation in any form applies, resolving any ambiguity that exists when only the phrase 'for a fee' is used." *Discover Prop. & Cas. Co. v. Progressive Cas.*, 2011 WL 3366367, at ¶ 13.

Although no Illinois court has interpreted the "compensation or for a fee" exclusion under precisely the same factual scenario presented here, the Illinois Court of Appeals examined the "compensation or for a fee" language and found it to be unambiguous in the context of an employee who delivered pizzas and was paid $1.25 per pizza delivered. *Progressive Universal Ins. Co. of Illinois v. Liberty Mut. Fire Ins. Co.*, 806 N.E.2d 1224, 1227 (Ill. Ct. App. 2004), rev'd on other grounds, 828 N.E.2d 1175 (2005), as modified on denial of reh'g (June 9, 2005). The court stated that the "compensation or for a fee" language is *broader* than the "for a fee" language and noted that the $1.25 earned per delivery was either a fee or compensation. *Id.* Either way, the exclusion applied to preclude coverage. *Id.*

Likewise, the Court finds that the language of the GEICO exclusion at hand is clear and unambiguous. Coverage is excluded when a vehicle is used to carry persons or property for compensation or a fee. The ordinary meaning of compensation is "payment

for services; esp., wages or remuneration." WEBSTER'S NEW WORLD COLLEGE DICTIONARY (5th ed. 2010). Black's Law Dictionary defines "compensation" as "[r]emuneration and other benefits received in return for services rendered; esp., salary or wages." BLACK'S LAW DICTIONARY (10th ed. 2014). Thus, an average person purchasing insurance would understand that coverage is excluded when a vehicle is used to carry persons or property in exchange for a salary or hourly wages.

Here, Dodd used his vehicle to deliver prescription drugs in exchange for compensation in the form of his hourly wages. The argument made by CVS that Dodd did not receive any *specific* fee or compensation for the delivery he was performing at the time of the accident is unconvincing. Dodd testified that, at the time of the accident, the majority of his shifts were spent making deliveries and that he did so as part of his employment for CVS. This is not a situation where Dodd was asked to make a special trip to deliver a prescription, nor did he decide to deliver the prescription out of the goodness of his heart. Moreover, contrary to the argument made by CVS, Dodd's compensation was tied to his deliveries. While it is true that his compensation was not based on the number of deliveries he made, it is also likely true that he would not have been paid at all had he not delivered the prescriptions—i.e., not done his job. Because Dodd received compensation for delivering prescriptions in his vehicle, the exclusion applies, and GEICO has no duty to defend or indemnify Dodd in the underlying lawsuit.

Furthermore, whether the additional $0.40 cents per mile that CVS paid Dodd was a "mileage reimbursement" as CVS calls it or a "mileage fee" as GEICO frames it is immaterial. Because the "compensation" portion of the exclusion is satisfied, the Court

need not determine whether the additional $.40 cent per mile CVS paid Dodd was a "fee" or "reimbursement"—or whether the two terms constitute a distinction without a difference.

GEICO has shown that there are no material facts in dispute and that the insurance policy's exclusion applies to the facts at hand. For the reasons stated above, Geico's Motion for Summary Judgment is **GRANTED**. The GEICO policy exclusion at issue precludes coverage, and GEICO has no duty to defend or indemnify Nathan Dodd in the underlying lawsuit. Accordingly, the Clerk is **DIRECTED** to enter judgment in favor of Plaintiff and against Defendants.

**IT IS SO ORDERED.**

**DATED:   September 14, 2016**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**