IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GEICO INDEMNITY COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:15-CV-1284-NJR-RJD |
| | ) |
| NATHAN DODD, CVS PHARMACY, INC., ANGELA STEVENS, MARY STEVENS, and C.T., a Minor, by Angela Stevens, her Mother and Next Friend, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter comes before the Court on the Motion for Summary Judgment filed by GEICO Indemnity Company ("GEICO") (Doc. 33). On November 18, 2015, GEICO filed a Complaint for Declaratory Judgment in this Court seeking a judgment that it owed no duty to defend its insured Nathan Dodd in a lawsuit involving an automobile accident that occurred while Dodd was delivering prescription drugs for CVS (Doc. 1). At the time, GEICO was defending Dodd in the underlying lawsuit under a reservation of rights. The Complaint also requested that the Court declare CVS had a duty to reimburse GEICO for defense costs related to the underlying lawsuit (*Id.*).

On September 14, 2016, the Court granted summary judgment to GEICO, finding that it owed no duty to defend Dodd (Doc. 31). The Court did not, however, address GEICO's request for reimbursement of defense costs it incurred in defending Dodd. GEICO now seeks an order directing CVS to reimburse it for the expenses and attorney fees incurred in defending Dodd. GEICO claims it expended $8,893.63 for Dodd's

defense, despite having no duty to defend him. Accordingly, GEICO argues, it is now entitled to reimbursement of those defense fees under the theory of unjust enrichment. In response, CVS argues it offered to take over the defense of Dodd, which GEICO refused. Thus, GEICO's theory of unjust enrichment must fail. CVS also disputes some of the costs for which GEICO requests reimbursement, arguing the charges were incurred with regard to the coverage action rather than defending the underlying lawsuit. Finally, CVS asserts GEICO's motion is procedurally improper, as the Court has already entered judgment, and no motion to alter or amend the judgment was filed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.

## LEGAL STANDARD

Summary judgment is proper only if the moving party can demonstrate that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); s*ee also Ruffin Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005); *Black Agents & Brokers Agency, Inc. v. Near North Ins. Brokerage, Inc.*, 409 F.3d 833, 836 (7th Cir. 2005). The moving party bears the burden of establishing that no material facts are in genuine dispute; any doubt as to the existence of a genuine issue must be resolved against the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970); *see also Lawrence v. Kenosha County*, 391 F.3d 837, 841 (7th Cir. 2004).

## DISCUSSION

The Court first addresses CVS's argument that GEICO's motion is procedurally improper. On September 14, 2016, the Court entered judgment in this case after holding that GEICO had no duty to defend Dodd in the underlying lawsuit (Doc. 32). Although

the Court found in GEICO's favor on this issue, GEICO's request in the Complaint for a declaration that CVS had a duty to reimburse GEICO for defense costs related to the underlying lawsuit remained pending. Thus, it was a mistake, though inadvertent, for the Court to enter judgment at that time.

CVS argues that because GEICO failed to file a motion to alter or amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, the judgment must stand. That is incorrect. Pursuant to Rule 60(a), the Court, on its own, may correct a mistake arising from oversight or omission whenever one is found in a judgment. Under this rule, the Court can correct the judgment based on its oversight even though no motion was filed by GEICO under Rule 59(e). Because it was a mistake for the Court to enter judgment with a claim still pending, the September 14, 2016 Judgment (Doc. 32) will be stricken.

Turning to the substantive arguments, GEICO argues, under a theory of unjust enrichment, that it is entitled to reimbursement of the costs it expended to defend Dodd despite having no duty to do so. GEICO claims CVS accepted the benefit of GEICO paying those costs while also refusing to contribute to the defense. CVS asserts it owes nothing because it offered to take over the defense in the underling litigation, but GEICO refused to accept the offer and instead instructed its appointed counsel to remain on the case. Thus, principles of equity weigh in favor of denying GEICO reimbursement for the costs it incurred.

In support of its position, GEICO cites to *National Casualty Co. v. White Mountains Reinsurance Co. of America*, 735 F.3d 549, 559 (7th Cir. 2013). In that case, the district court

found that the defendant, White Mountains, had a duty to defend in the underlying lawsuit and ordered it to reimburse the plaintiff, National Casualty, for all defense fees and costs expended since White Mountains was on notice of the underlying claims. *Id.* at 553. On appeal, the Seventh Circuit affirmed, holding that the theory of unjust enrichment applied because there was no express contract between the two entities. *Id.* at 560. Specifically, the Seventh Circuit found that because White Mountains was liable for the defense costs, but National Casualty was not, National Casualty's contributions to the defense costs constituted a benefit to White Mountains. *Id.* Accordingly, it would be "inequitable for White Mountains to benefit from National Casualty's attempt to do the right thing . . . ." *Id.* Finding that White Mountains was unjustly enriched by National Casualty's payment of the defense costs, White Mountains was ordered to reimburse National Casualty. *Id.* at 561.

CVS attempts to distinguish *National Casualty* by noting that, unlike White Mountains, CVS did "do the right thing" when it offered to take over Dodd's defense in the underlying litigation. As GEICO points out, however, CVS offered to take over the defense of Dodd only on the condition that GEICO tender its full policy limits to CVS. Indeed, a letter from counsel for CVS to counsel for GEICO, dated August 20, 2015, "proposes that GEICO provide its full policy limits to CVS and allow it to defend the matter globally."[1] (Doc. 35-1). Given that GEICO had no duty to tender its full policy limits in this instance, CVS's claim that it offered to take over the defense, and therefore is not responsible for GEICO's costs, is not well taken.

---

[1] GEICO put CVS on notice of the underlying action via a letter dated April 10, 2015, demanding that CVS take over the defense of the case (Doc. 33-1). The letter was delivered on April 15, 2015 (Doc. 33-3).

Because GEICO had no duty to defend Dodd, its contributions to Dodd's defense constituted a benefit to CVS. To allow CVS to retain that benefit would be inequitable. Thus, GEICO is entitled to reimbursement from CVS.

CVS further disputes many of the specific costs incurred by GEICO, claiming they were incurred with respect to the declaratory judgment action and not Dodd's defense in the underlying lawsuit.[2] CVS claims that such costs should not be recoverable by GEICO, but cites no authority to support its position. In response, GEICO argues that any costs related to the coverage issue were necessarily incurred because CVS incorrectly insisted that GEICO's exclusion did not apply and refused to defend Dodd unless GEICO first paid its policy limits.

A review of the costs submitted by GEICO reveals several entries that appear to relate solely to the declaratory judgment action, not the defense of Dodd in the underlying matter. For example, on October 27, 2015, appointed counsel spent one hour in a conference with Dodd and GEICO's coverage counsel discussing "coverage issues" (Doc. 33-4). Other entries specifically reference the "Declaratory Judgment suit." (*Id.*). Still others, however, reference the obligation to defend but are insufficiently detailed to determine whether they relate to the underlying litigation or the coverage action. As a result, the Court cannot accurately determine the amount of defense costs incurred by GEICO in defending Dodd.

---

[2] CVS labels its dispute as to these costs a "dispute of material facts," apparently to avoid summary judgment. CVS does not dispute, however, that GEICO incurred the costs. Rather, the question at hand is whether GEICO is entitled to reimbursement of the costs. That is a question of law appropriately resolved on summary judgment.

Accordingly, the Court **ORDERS** GEICO to submit supplementary briefing, within **21 days** of this Order, detailing how the costs requested relate to the underlying litigation. CVS shall then have **14 days** to respond. The Court further advises the parties to meet and confer on the issue of costs and to inform the Court if an agreement is reached that would render the supplementary briefing moot.

## Conclusion

For these reasons, the Judgment entered by the Court on September 14, 2016, (Doc. 32) is **STRICKEN**. The Motion for Summary Judgment filed by Plaintiff GEICO Indemnity Company is **GRANTED in part and DENIED in part**. GEICO is entitled to reimbursement from CVS for the costs incurred in defending Nathan Dodd in the underlying lawsuit. The amount of costs shall be determined upon the submission of supplementary briefing by the parties as outlined above. The Clerk of Court is **DIRECTED** to enter judgment at the close of the case.

**IT IS SO ORDERED.**

DATED:   May 25, 2017

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**